*ROYALL TYLER,*  } *Assistant Judges.*
*STEPHEN JACOB,* }

---

ADIEL SHERWOOD *against* STEPHEN PEARL.

### Reserved case.

THE plaintiff declared against the defendant as late sheriff of *Chittenden* County, for the laches of *Enos Wood,* his deputy, in accepting *Robert Works* as bail, on mesne process, in a certain action commenced and prosecuted to final judgment and execution by the plaintiff against one *John Ledgerd,* he the said *Robert* being insufficient as bail. The cause being put to the Jury upon the general issue, the plain-

A writ of *scire facias,* returnable to the County Court, must be signed by a Judge, or the Clerk of the Court, and not by a Justice of the Peace.

Sherwood
v.
Pearl.

tiff offered in evidence a writ of *scire facias* brought by him against the said *Robert Works* as bail to the said *John Ledgerd*, which writ was signed by *John Law,* Esquire, one of the Justices of the Peace within and for the County of *Chittenden*, and made returnable to *Chittenden* County Court, *September* term, 1795.

In an action on the case against the sheriff for taking insufficient bail upon mesne process, the defendant is by the plaintiff made so far privy to the judgment against the bail, that he may in his defence take advantage of a radical defect in the process upon the *sci. fa.*

The counsel for the defendant objected to the writ of *scire facias* being read and heard in evidence by the Jury, because they say that such writ was illegally issued, and ought to have been signed by one of the Judges of the County Court, or by their Clerk.

It is hereby ordered by the Court, with the consent of parties, on the record entered, that the cause shall proceed to the Jury, and a verdict be taken on the general issue, subject to the opinion of the Court on the admission of the above writ of *scire facias* in evidence. That is to say, if the Court shall be of opinion,

First. That the above writ of *scire facias* was illegally issued ; and,

Secondly. If illegally issued, that such error in the process can be taken advantage of by the defendant in this present action, then judgment shall be entered for the defendant with legal costs of suit.

But if the Court are of opinion otherwise, then judgment shall be entered for the plaintiff, to recover such sum in damages as the Jury may find by their verdict with legal costs.

Verdict for plaintiff, 210 dols. 25 cts.

By order of Court,
*Solomon Miller*, Clerk.

The reserved case was argued and decided this term.

*Amos Marsh.* We consider that the plaintiff's action against the defendant, late sheriff of this County, is a demand of strict right. No equitable consideration can be shewn for it. To enforce such a demand in a Court of Justice, the statute must be strictly pursued.

The plaintiff complains, that the defendant hath not performed his duty required by the statute, and therefore he says he is entitled to a special action on the case upon the statute. It is therefore incumbent on him to shew himself within the purview of the statute, and that he also hath pursued the path of duty prescribed by the statute in coming at this right.

We say he hath failed in this,

Because his writ of *scire facias*, offered by him in evidence on trial to the Jury, was not legally issued, and therefore the proceedings upon it are erroneous as they relate to the bail, and void as they relate to the present defendant.

That the writ of *scire facias* was illegally issued, being signed by a Justice of the Peace, is clear from a recurrence to the act passed *March* 10th, 1787, regulating processes and proceedings in civil causes, which was then in force, and which, by a saving clause, made when repealed, is to be in full force as to all matters and things done or transacted during its existence, to which it relates, and is not to be construed to affect any rights or remedies accruing under it.

*Haswell's* edit.
*Vermont* Stat.
p. 23.

41

Sherwood
v.
Pearl.

This statute adopts the common law distinction between *original* and *judicial* process. The writ in the former shall be signed by a Judge or Clerk of the County Court before which the cause is to be tried, *or by a Justice of the Peace of the same County;* but judicial writs, of the nature of which is that of *scire facias,* must be signed by a Judge, or by the Clerk of the Court: therefore the statute, speaking of those writs which may be signed by a Justice of the Peace, terms them " processes to be commenced," that is, to be *originally* commenced. But the writ of *scire facias* is not, technically speaking, a process to be commenced, but a writ directed to a party to shew cause why a writ of execution should not issue against him upon a judgment already rendered, and a process which hath been commenced. That the statute holds forth this distinction in process before the County Court, is confirmed from the next sentence, " And all writs signed by a Judge or Clerk of the County Court aforesaid, as well original as judicial."

But it will be contended, that if this writ of *scire facias* was illegally issued, the present defendant cannot in this action take advantage of such defect in the process.

We consider that he has such right. Here is a void, or at the least a voidable process, and the execution issued upon it has been adduced in evidence to shew the insufficiency of the bail, which was the main point in issue to the Jury. The defendant in *sci. fa. Robert Works,* absconded the *United States,* and the judgment against him was rendered by default. The present defendant has had no day in

Court to shew that process is void. When he is now made privy to the record, shall he not be let in that the mesne process is void, and the judgment, execution, and return of *non est* consequently void, and therefore the legal right to sustain this action does not exist in the plaintiff.

*Daniel Chipman.* Here are two points in the case reserved to be considered by the Court:

First. Whether the writ of *sci. fa.* was legally or illegally issued.

In reply to the construction given to the statute of *March*, 1787, by the opposing counsel, we shall read that statute.

" Be it enacted, &c. that the ordinary mode of process in civil causes, in the several Courts of Judicature within this State, shall be by summons or attachment, and according to the form provided by law; and *every process* to be commenced before any County Court within this State, shall be signed by a Judge or Clerk of the County Court before which the cause is to be tried, or by a Justice of the Peace of the same County, and all writs and processes triable in the Supreme Court, and therein originally commenced, shall be signed by a Judge of the same; and all writs signed by a Judge or Clerk of the County Court as aforesaid, as well original as judicial, shall run into any County or place within this State, and be there executed by any officers to whom directed."

It appears here, that the common law distinction between original and judicial process, does not apply to the process of the County Courts, but is expressly

applied to the process of the Supreme Court.    But if the Court can possibly give the construction contended for by our opponents, we rest securely on the second point in the case reserved,

That if the writ of *sci. fa.* was illegally issued, the defendant cannot take advantage of it in the present action.

The judgment in *sci. fa.* must be acknowledged to be in force.  *Robert Works,* aside of the statute of limitations, could not reverse it by writ of error; for the signing by the magistrate, if illegal, was a matter in abatement ; and a man shall never assign that for error which he might have pleaded in abatement ; for it shall be accounted his folly to neglect the time of taking that exception.  *Bac. Abr.* vol. 2. p. 492.

But if *Robert Works* could have taken advantage of it in error, no advantage can be taken by a *third person;* for if so, the present defendant might have had his writ of error.  But the law says, " no person can bring a writ of error to reverse a judgment who was not party or privy to the record."  *Roll. Abr.* 747.  1 *Wils.* 255.  And until this judgment is reversed, no one is permitted to say it is not in force in the face of the record ; for it is laid down in *Bacon's Abridgment,* vol. 2. p. 529.  " If an action of escape be brought against the sheriff, and the judgment upon which it is founded be reversed before such time as the defendant is forced to plead, he may plead *nul tiel record;*" but it is said in the note, " If in debt upon escape the plaintiff recovers and hath execution, and *after* the first judgment is reversed, yet the judgment for the escape remains in force."

Every thing necessary for the plaintiff to shew to maintain this action is, that the defendant took insufficient bail, and the *non est* on the execution in *sci. fa.* is sufficient evidence of it. What could he shew more? The plaintiff has lost his debt by the laches of the defendant in failing to take sufficient bail. The law says, in such case the sheriff shall be responsible; and now the defendant says, the writ of *scire facias* illegally issued. If so, this is a discovery not made by *Robert Works*, the person solely in interest, but by himself, or rather through the penetration of his counsel. If the defendant had done his duty, and accepted sufficient bail, the original judgment would long ere this have been satisfied, and we never should have heard of this supposed defect in the process.

*W. C. Harrington.* We shall submit the first point to the consideration of the Court without further remark.

Upon the second, it is insisted by our opponents, that *Robert Works* himself could not have taken advantage of this defect in the process; for it is cited from *Bacon's Abridgment*, that a party shall never assign that for error which he might have pleaded in abatement; for it shall be accounted his folly in neglecting to take the exception in time. We do not dispute this general position, but its applicability to this case. This law writer is here speaking of cases where the defendant has appeared and pleaded in Court; and all the explanatory cases cited shew instances where the defendant appeared and pleaded, and his appearance and pleading are the reasons rendered why

Sherwood
v.
Pearl.

he may not take advantage of such defects in error; for he has waived his right, which he may do either by pleading or imparlance, but never by *default*. Error brought on a judgment rendered on default will notice every defect in process, pleading, and judgment.

But it is said, that even admitting *Works* could have reversed the judgment in *sci. fa.* by error, the present defendant could not.

We consider this position not well founded. The general principle was not fully stated by Mr. *Chipman*. " No person can bring a writ of error to reverse a judgment, who was not a party or privy to the record." This is correct : but there is a further clause; " or who was not injured by the judgment, and therefore is to receive advantage by the reversal thereof."

Under this rule we find frequent cases of persons bringing error, who were not privy to the record. The heir at law, the remainderman, or any other person prejudiced by the erroneous judgment, may bring error. But if we were not privy to the judgment, and could not bring error, the reason why we should *now* take advantage of this void process, applies with greater force. If as we assert, the plaintiff could at no stage of the process have interfered to take advantage of this defect in the issuing of the *sci. fa.* and if, as our opponents insist, neither *Works* or our client could set it aside by error, and our client cannot now take advantage of it in the present action, surely here is an injury sustained, without possibility of remedy; which is a solecism in law.

It is said the plaintiff, through the laches of our client, has lost his debt, unless he can recover it in

the present action. This is intimated to be a hard case; but certainly it would be equally hard for our client to respond a debt from his own purse, through the laches of a deputy long since discharged from his bail.

We have no doubt that the Court will in this case pursue that even tenor of justice which has so long been dispensed; that they will decide this case upon the great leading principle, that he who pursues a statute, not a moral right, shall himself pursue the statute strictly.

The Chief Judge delivered the opinion of the Court, *Tyler*, Judge, dissenting.

The Court consider the intention of the statute of *March* 10th, 1787, which must govern in this case, to be, that the writ of *scire facias* must be signed by one of the Judges, or the Clerk of the County Court, and therefore the present being signed by a Justice of the Peace, issued illegally.

The distinction between original process, which may be signed by a Judge or Clerk of the County Court, or any Justice of the Peace within the County; and the judicial writ, which must be signed by the former, is of importance.

The judicial writ, being grounded upon the records of the Court, should be issued only by those who have official access to, or are keepers of the records. These writs are sometimes issued of right, and sometimes by discretion. In the former case the Clerk may sign, in the latter a Judge only. But the original writ may be signed by any magistrate in the County, because in him the signing is a mere minis-

terial act, requiring neither the exercise of discretion, or intimacy with the records.

The question whether *Robert Works* or the present defendant could have taken advantage of this defect in error, seems to be aside of the present issue, which is, whether the defendant can avail himself of it in the present action.

The Court consider, that the defendant, by the plaintiff's having produced the records and proceedings on the judgment in *scire facias* against him in evidence upon the issue to the Jury, is by the act of the plaintiff so far made privy to the record, that he may take advantage of the illegality of the issuing the writ of *scire facias*. A party takes a judgment upon a defective process at his peril, if it be such a defect as is waived by imparlance or pleading, the adverse party shall not maintain error against him; but whenever he attempts to use the record against a third person, especially a public officer, he may at such time take advantge of the defect.

The plaintiff's claim, as has been well observed, is a demand of strict statute right; and, to shew himself entitled to it, he must convince the Court or Jury, that he has strictly pursued it in all substantial parts of his proceedings.

Let judgment be entered, that the verdict of the Jury be set aside, and that defendant have his costs.

*Daniel Chipman* and *Samuel Miller*, for plaintiff.
*Amos Marsh*, *W. C. Harrington*, and *Levi House*, for defendant.